IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **RONALD G. JOHNSON**, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 05-258-KAJ |
| **RAPHAEL WILLIAMS,** Warden, | : |
| Respondent. | : |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254 and the Court's order dated June 16th, 2005, the respondent states the following in response to the petition for a writ of habeas corpus:

The petitioner, Ronald G. Johnson, was arrested on April 16, 2005 following a domestic violence incident. After a preliminary hearing in the Delaware Court of Common Pleas on April 22, 2005, Johnson was bound over to Superior Court. Johnson was ordered held on $25, 200 cash bail. On May 31, 2005, a grand jury indicted Johnson on nine charges, including several counts of offensive touching, resisting arrest and weapons offenses. *See In re Petition of Johnson*, No. 201, 2005, 2005 WL 1355126 (Del. June 6, 2005). Johnson filed a petition in the state supreme court for writs of habeas corpus, mandamus and prohibition alleging that he was being detained illegally. The court denied relief and found in turn that: the court did not have original jurisdiction to issue a state writ of habeas corpus; a writ of mandamus was inappropriate to challenge the legality of the arrest and indictment because the issues are reviewable on appeal; and a writ of prohibition was not warranted because

there was no clear and convincing evidence that the Superior Court lacked jurisdiction over Johnson. *Id.* at ¶ 3. Johnson then filed, *inter alia*, a petition for a state writ of habeas corpus in the Superior Court which the court denied by order dated May 9, 2005. Johnson's ensuing appeal was dismissed as untimely because Johnson failed to file a notice of appeal within the jurisdictionally mandated 30-day period. *Johnson v. State*, No. 254, 2005 (Del. July 11, 2005).

Johnson in the petition claims that he is being illegally detained because he has not been charged and that any indictment filed against him in the state courts would be somehow illegal. Johnson's *pro se* filing is difficult to interpret, and it is similarly difficult to glean discernible legal issues from the text of his submission. Reading the claims broadly, however, it appears Johnson presents the following claims: 1) that he is being detained illegally because the Court of Common Pleas improperly decided to bind him over to the Superior Court to face the charges in this case (D.I. 8 at 2-5);[1] and 2) that the charges against him, and presumably the indictment, should be dismissed (D.I. 8 at 3-5). As a general rule, for state prisoners, habeas corpus relief is substantially a post-conviction remedy. *See* 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court judgment . . ."); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975); *Graham v. Brooks*, 342 F. Supp. 2d 256, 261 (D. Del. 2004). Thus, § 2254 applies only to post-trial situations. *Graham*, 342 F. Supp. 2d at 261 (citing *Moore*, 515 F.2d at 441); *see also Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Because Johnson does not challenge his custody "pursuant to the judgment of a State

---

[1]*See generally* DEL. SUPER. CT. CRIM. R. 5.1(a).

court," Johnson correctly notes that his petition is not properly presented under § 2254. *See* D.I. 9 at 1. Instead, as the Court's order also indicates, the petition should be considered under 28 U.S.C. § 2241, which applies to pre-trial petitions and empowers a court to issue a writ before judgment is rendered in a state court proceeding. *Graham,* 342 F. Supp. 2d at 261; *see also Dickerson*, 816 F.2d at 224; *Moore*, 515 F.2d at 442). Regardless, although the statutory language of § 2241 and § 2254 differs, there is no distinction as far as the exhaustion requirement is concerned. *Moore*, 515 F.2d at 442; *McDowell v. Chesney*, Civ. Act. No. 03-818-JJF, 2004 WL 1376591 at *5 (D. Del. June 17, 2004); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 491-92 (1973).

As an initial matter, Johnson apparently names as respondents Delaware Justice of the Peace Court 20 and the Delaware Court of Common Pleas. The Rules Governing Section 2254 Actions specify that the proper respondent in a federal habeas corpus proceeding is the "state officer having custody of the applicant." Rule 2(b), 28 U.S.C. foll. § 2254; *see also* Rule 1(b), 28 U.S.C. foll. § 2254; *see generally Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2717-18 (2004) (discussing issue of who is properly named as respondent in a federal habeas proceeding); *Holley v. Cheuvront*, 351 F.2d 615, 615-16 (9th Cir. 1965) (holding clerk of the court who accepted untimely notice of appeal had no custodial powers over petitioner and thus could not be named respondent in federal habeas proceeding). Because the named state courts have no such custodial power over Johnson, they are improperly named as respondents here and should be dismissed from this proceeding. *See Braden*, 410 U.S. at 494-95 (the writ acts not upon the prisoner seeking relief but upon the individual who holds a prisoner in unlawful custody); *see also* FED. R. CIV. PRO. 17 ("Real Party in Interest").

Further, Johnson's challenge to the bind over decision of the Court of Common Pleas does not state a claim cognizable in a federal habeas proceeding. *See* 28 U.S.C. § 2241(c). This is so because a federal court cannot issue a writ of habeas corpus for alleged violations of state law only. *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991); *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 514-15 (D. Del. 2003) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001)). Johnson, in essence, alleges that there was insufficient evidence presented in the Court of Common Pleas to bind him over for trial in the Superior Court.[2] But there is no constitutionally based right to a probable cause hearing prior to trial.[3] *Gerstein v. Pugh*, 420 U.S. 103, 118-19 (1975). "Accordingly, the bind-over decision [of the Court of Common Pleas] constitutes a state-law issue which does not implicate a federal constitutional right and is not subject to review in a habeas proceeding." *Dorchy v. Jones*, 320 F. Supp. 2d 564, 578-79 (E.D. Mich. 2004); *accord Collins v. Swenson*, 443 F.2d 329, 331 (8th Cir. 1971); *Clarke v. Huff*, 119 F.2d 204 (D.C. Cir. 1941); *David v. Lavinge*, 190 F. Supp. 2d 974, 978 (E.D. Mich. 2002). Thus, any complaint by Johnson about the proceedings in the Court of Common Pleas fails to provide a basis for federal habeas relief.

To the extent that Johnson seeks dismissal of the indictment, that claim is unexhausted because he would be able to raise it subsequently on direct appeal in the event

---

[2]Because the claim presents at most an issue of state law, exhaustion is not required. *See Tillett v. Freeman*, 868 F.2d 106, 108 (3d Cir. 1989); *cf.* 28 U.S.C. § 2254(b)(2)

[3]The Fifth Amendment right to indictment by grand jury does not apply to state court criminal proceedings. *Albright v. Oliver*, 510 U.S. 266 (1994); *Coffield v. Carroll*, Civ. Act. No. 03-367-SLR, 2004 WL 2851801 at *4 & n.2 (D. Del. Dec. 1, 2004) (citing cases).

of a conviction. *See Moore*, 515 F.2d at 444. Thus, Johnson has simply failed to exhaust any claim in which he seeks dismissal of the pending charges. *See Braden*, 410 U.S. at 489-90 (holding habeas relief does not lie to adjudicate the merits of an affirmative defense prior to a judgment of conviction); *Neville v. Cavanagh*, 611 F.2d 673, 675-76 (7th Cir. 1979); *Moore*, 515 F.2d at 444. Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition so that the petitioner may exhaust state court remedies. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). The exhaustion requirement "serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's rights." *Gibson*, 805 F.2d at 138 (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Brown v. Cuyler*, 669 F.2d 155, 157 (3d Cir. 1982)). Accordingly, Johnson's habeas petition, in so far as it attempts to preclude a trial in Delaware on the pending charges, must be dismissed.[4] *E.g.*, *Neville*, 611 F.2d at 675-76; *McDowell*, *supra*, 2004 WL 1376591 at *5 & n.4; *see also Moore*, 515 F.2d at 445-46.

---

[4] Dismissal of the habeas petition at this juncture would not operate to preclude federal consideration of this claim but "merely delays such consideration until 'a time when federal jurisdiction will not seriously disrupt state judicial processes.'" *Neville*, 611 F.2d at 676 (citing *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979)), *quoted in Graham*, 342 F. Supp. 2d at 264 n.7.

## Conclusion

Based upon the Superior Court docket sheet, it appears that no transcripts of Johnson's hearings have been prepared in the Delaware Superior Court. In the event that the Court directs production of any transcript, respondent cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/
Thomas E. Brown
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID No. 3278
*ThomasE.Brown@state.de.us*

Date: August 1, 2005

**CERTIFICATE OF SERVICE**

The undersigned, being a member of the Bar of this Court, hereby certifies that on August 1, 2005 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF. I hereby certify that on August 1, 2005 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

> Ronald G. Johnson (ID No. 182421)
> H.R.Y.C.I.
> P.O. Box 9561
> Wilmington, DE 19809.

/s/
Thomas E. Brown
Deputy Attorney General
Del. Dept. of Justice

Counsel for Respondents

Date: August 1, 2005