Not Reported in F.Supp.2d                                                                                                                Page 1
Not Reported in F.Supp.2d, 2004 WL 2851801
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2004 WL 2851801
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Anthony X. COFFIELD, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. Civ. 03-367-SLR.**

Dec. 1, 2004.

Anthony X. Coffield, petitioner, pro se.
Elizabeth R. McFarlan , Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

**\*1** Petitioner Anthony X. Coffield is a Delaware inmate in custody at the Delaware Correctional Institution in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2) For the reasons that follow, the court will dismiss his application.

II. FACTUAL AND PROCEDURAL BACKGROUND

On May 3, 1999, three separate businesses in Wilmington, Delaware were robbed at gunpoint: a pharmacy, a discount tire store, and a Cumberland Farms store. Petitioner was indicted in the Delaware Superior Court for these robberies on four counts of robbery in the first degree (11 Del. C. Ann. § 832) , four counts of possession of a firearm during the commission of a felony ("PFDCF") (11 Del. C. Ann. § 1447A), one count of possession of a deadly weapon by a person prohibited, one count of possession of ammunition for a firearm by a person prohibited, and one count of possession with intent to deliver cocaine.

Immediately before petitioner's March 2000 jury trial, the State realized there was a discrepancy between the evidence and count II of the indictment, which involved the Cumberland Farms robbery. According to count II, petitioner, "in the course of committing theft, did threaten the immediate use of force upon Douglas Brock with intent to compel the said victim to deliver up ... U.S. currency ... and displayed what appeared to be a deadly weapon ... a .25 caliber handgun." (D.I. 11, Indictment by the Grand Jury, ID # 9905004704). Douglas Brock was an off-duty Cumberland Farms employee present at the time of the robbery. Even though petitioner threatened Brock with the gun and forced him to lie on the floor, he did not demand any currency from Brock or forcibly remove any property from him. Rather, petitioner actually forced the clerk on duty, Francis Jackson, to hand over currency.

After detecting this discrepancy, but before the trial started, the State filed a motion to amend the indictment by changing the victim's name from Douglas Brock to Francis Jackson. Although the Superior Court judge initially denied the motion, he granted the motion at the close of the State's case.

The jury found petitioner guilty of three counts of robbery in the first degree (including the Cumberland Farms' robbery), three counts of possession of a firearm during the commission of a felony, one count of possession of a firearm by a person prohibited, and the lesser included offense of possession of cocaine. The jury acquitted petitioner of one count of robbery in the first degree, and the state court granted petitioner's motion for judgment of acquittal of one PFDCF count.

The Superior Court sentenced petitioner to an aggregate of thirty-four years of incarceration, suspended after twenty-four years for decreasing levels of supervision. The Delaware Supreme Court affirmed petitioner's convictions and sentences on direct appeal, *Coffield v. State,* 794 A.2d 588 (Del.2002). Petitioner did not did not apply for post-conviction relief. FN1

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 2
Not Reported in F.Supp.2d, 2004 WL 2851801
**(Cite as: Not Reported in F.Supp.2d)**

(D.I.10)

> FN1. When the State filed its answer on August 8, 2003, petitioner had not pursued post-conviction relief in state court. Thereafter, petitioner filed a motion to dismiss his § 2254 petition without prejudice, alleging he intended to file a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 to exhaust state remedies and avoid the procedural default discussed in the State's answer. (D.I. 12; D.I. 14) To date, it appears that petitioner has not filed any post-conviction motions. Even if petitioner were to file state post-conviction motions, further state review would be barred, as would federal habeas review of the claims. *See infra* pp. 17-19.

**\*2** In April 2003, petitioner filed the habeas application currently before the court. The grounds in his application are premised on the amendment to the indictment and allege that: (1) the amendment of the indictment violated his constitutional right to indictment by a grand jury; (2) Brock's and Jackson's testimony should have been limited to petitioner's alleged conduct against Brock, excluding all testimony as to conduct against Jackson; (3) the jury should have been instructed that any evidence of petitioner's misconduct against Jackson could not be considered for a substantive purpose or as indicative of petitioner's character; and (4) the prosecutor improperly presented a known false charge to the grand jury in violation of the petitioner's due process rights. (D.I. 2, at ¶ 7)

The State filed an answer, asking the court to dismiss petitioner's habeas application because: (1) the grand jury indictment amendment claim is a state law claim not cognizable on federal habeas review; (2) to the extent the indictment amendment claim raises a due process issue, the Delaware Supreme Court's decision upholding the amendment does not warrant habeas relief under § 2254(d)(1); (3) petitioner's procedural default of the evidentiary claim in state court bars this court from providing federal habeas review of the claim; and (4) the court is procedurally barred from reviewing the merits of the prosecutorial misconduct claim because petitioner procedurally defaulted the claim at the state court level. (D.I.10)

After the State filed its answer, petitioner filed two motions asking for permission to voluntarily withdraw his petition without prejudice. (D.I. 12; D.I. 14) The State opposed dismissal without prejudice (D.I.13), and this court denied petitioner's motions. (D.I.16)

Petitioner's federal habeas application is now ready for review.

### III. GOVERNING LEGAL PRINCIPLES

#### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards for analyzing the merits of a habeas petition. *See id.* at 206. Generally, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002).

#### B. Exhaustion and procedural default

Under AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 3
Not Reported in F.Supp.2d, 2004 WL 2851801
**(Cite as: Not Reported in F.Supp.2d)**

court cannot review a habeas petition unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b) ; *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999) ; *Picard v. Connor,* 404 U.S. 270, 275 (1971). AEDPA states:

>**\*3** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>(A) the applicant has exhausted the remedies available in the courts of the State; or
>(B)(i) there is an absence of available State corrective process; or
>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement is based on principles of comity, requiring the petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). Generally, the petitioner must demonstrate that the habeas claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000). A petitioner fairly presents a claim to the state courts by asserting a legal theory and facts substantially equivalent to those contained in his federal habeas petition. *Coverdale,* 2000 WL 1897290, at \*2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). Fair presentation also requires that the claim be raised in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). The exhaustion requirement is satisfied even if the state court did not actually consider or discuss a federal claim that was fairly presented to the state's highest court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

If a petitioner fails to exhaust state remedies, and state procedural rules prevent him from seeking further review in state courts, then the petitioner's failure to exhaust is excused. *Lines v. Larkin,* 208 F.3d 153, 160 (3d Cir.2000) ; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are still procedurally defaulted, thereby precluding a federal habeas court from reviewing the merits of the claims absent a showing of cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *Coleman v. Thompson,* 501 U.S. 722, 749, 750-1 (1991) ; *Lines,* 208 F.3d at 160; *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999).

C. Standard of review under AEDPA

Once a federal court determines that a claim is exhausted and not procedurally defaulted, it must next determine the appropriate standard for reviewing the habeas claim. If a state court adjudicated the federal habeas claim on the merits, then a federal habeas court can only grant habeas relief when the state court's adjudication of the claim:

>**\*4** (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2) ; *Williams v. Taylor,* 529 U.S. 362, 412 (2000) ; *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). A state court has adjudicated a claim on the merits for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn,* 355 F.3d 233, 247 (3d Cir.2004) (internal citations omitted). In short, "a failure to decide affects the standard of review; a failure to discuss (either at all or to the satisfaction of the habeas petitioner or the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 2851801  
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

federal court) is irrelevant." *Id.*

AEDPA also requires a federal court to presume that a state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). A petitioner can only rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El,* 537 U.S. at 341 (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000).

### IV. DISCUSSION

#### A. Indictment amendment claim

Petitioner's claim regarding the amendment of the indictment asserts two separate issues: (1) whether changing the victim's name in the indictment violated the Fifth Amendment's grand jury indictment clause; and (2) whether the name change violated petitioner's due process rights under the Sixth Amendment.

Petitioner's first assertion, that only the grand jury could have changed the victim's name in the indictment, fails to state a claim cognizable on federal habeas review. Although the Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury," this right does not apply to state criminal actions. *Hurtado v. California,* 110 U.S. 516, 538 (1884); *see also Rose v. Mitchell,* 443 U.S. 545, 557 n. 7 (1979) ("there is no constitutional requirement that States institute prosecutions by means of an indictment returned by a grand jury"). Moreover, "the legality of an amendment to an indictment is primarily a matter of state law." *United States ex. rel Wojtycha v. Hopkins,* 517 F.2d 420, 425 (3d Cir.1975); *Alexander v. Louisiana,* 405 U.S. at 633; *Carter v. Jury Commission,* 396 U.S. 320, 330 (1970). Federal habeas relief is not available for alleged errors of state law, *Estelle v. McGuire,* 502 U.S. 62, 67 (1991), thus, the court will dismiss this claim. FN2

> FN2. In affirming the Superior Court's decision regarding the amendment of the grand jury indictment, the Delaware Supreme Court "recognized the common origins and purposes of the Fifth Amendment and the grand jury clause found in [Delaware's] Constitution." *Coffield,* 794 A.2d at 593 n. 13. The state court also examined federal cases applying the Fifth Amendment's grand jury indictment clause in order to reach its holding that "where no other prejudice to the defendant exists, the name of the alleged human victim is not an essential element of the crime of Robbery First Degree and the amendment of that portion of the indictment does not violate an individual's right under the Delaware Constitution to be charged for that felony by a grand jury indictment." *Coffield,* 794 A.2d at 593. Petitioner relies on the Delaware court's examination of federal law to imply that he has raised an issue cognizable on federal habeas review. (D.I. 2, at ¶¶ 7b(15)-(44)). Petitioner's argument is flawed, however, because the Delaware court's examination of and reference to the United States Constitution and federal caselaw does not change the fact that the Fifth Amendment's grand jury indictment clause does not apply to the states. In short, this issue still only presents a state law claim.

**\*5** However, to the extent petitioner argues that amending the indictment during his trial deprived him of notice of the offense charged, he has presented the court with a federal due process issue cognizable on federal habeas review. *See, e.g., Wojtycha,* 517 F.2d at 425 (acknowledging that an amendment to a State indictment may raise federal due process issues). Petitioner presented this claim to the Delaware Supreme Court on direct appeal, thereby exhausting state remedies, and the Delaware Supreme Court adjudicated the issue on the merits. *See Coffield,* 794

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 5
Not Reported in F.Supp.2d, 2004 WL 2851801
**(Cite as: Not Reported in F.Supp.2d)**

A.2d at 594-95. Thus, the court must determine whether the Delaware Supreme Court's denial of this claim was either contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams,* 529 U.S. 362; *Werts v. Vaughn,* 228 F.3d 178 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001) (holding that the Third Circuit's interpretation of § 2254(d)(1) in *Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999) (en banc), is in accord with *Williams* ).

A state court decision is "contrary to" clearly established federal law if the reasoning or result of the state court decision contradicts the governing law set forth in the Supreme Court's cases. *Early v. Packer,* 537 U.S. 3, 81 (2002). A state court decision is an "unreasonable application" of Supreme Court precedent if "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified." *Matteo,* 171 F.3d at 891; *Williams,* 529 U.S. at 412-13. Before reaching either prong, the court must first identify the clearly established Supreme Court precedent governing petitioner's claim. *Werts,* 228 F.3d at 197.

As previously explained, the legality of an amendment to a state indictment is an issue of state law. As such, this court cannot review the state court's determination that the name change was an amendment in form, not in substance. FN3

> FN3. Nevertheless, the court notes that the analysis utilized by the Delaware Supreme Court for determining that the amendment was one of form, not of substance, parallels the method articulated in federal caselaw for determining whether a change to an indictment constitutes an amendment or a variance. See *Coffield,* 794 A.2d at 591-93; *Russell v. U.S.,* 369 U.S. 749, 771 (1962) ; *United States v. Miller,* 471 U.S. 130 (1985) ; *United States v. Castro,* 776 F.2d 1118, 1122 (3d Cir.1985) ; *United States v. Kelly,* 892 F.2d 255, 258 (3d Cir.1989). An amendment to an indictment is *per se* unconstitutional, but a variance constitutes reversible error only if the variance prejudices a substantial right of the defendant. *United States v. Kelly,* 892 F.2d 255, 258 (3d Cir.1989); *see United States v. Miller,* 471 U.S. 130 (1985) ; *United States v. Castro,* 776 F.2d 1118, 1122 (3d Cir.1985) ; *United States v. De Cavalcante,* 440 F.2d 1264, 1271-2 (3d Cir.1971). The difference between an amendment and a variance is described as follows:

An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.

*De Cavalcante,* 440 F.2d at 1271 (quoting *Gaither v. United States,* 413 F.2d 1061, 1071 (1969). After determining that the "name of the alleged human victim is not an essential element of the crime of Robbery First Degree," the Delaware Supreme Court proceeded to determine "whether the amendment otherwise prejudiced Coffield," i.e., whether the amendment violated his due process rights. *Coffield,* 794 A.2d at 593.

However, amending a state indictment can implicate Federal due process concerns. See *Wojtycha,* 517 F.2d at 425. The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." U.S. Const. amend VI. This right applies to the states through the Fourteenth Amendment. *In re Oliver,* 333 U.S. 257 (1948). Consequently, a state prisoner has the right "to receive 'reasonable notice of the charges against him." ' *Chandler v. Moscicki,* 253 F.Supp.2d 478, 487-88 (W.D.N.Y. Mar. 10, 2003) (quoting *Hulstine v. Morris,* 819 F.2d 861, 863-64 (8th Cir.1987)); *cf. Peters v. Kiff,* 407 U.S. 493, 496 (1972). To determine

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 6
Not Reported in F.Supp.2d, 2004 WL 2851801
**(Cite as: Not Reported in F.Supp.2d)**

whether an indictment satisfies due process, a court must ask whether the indictment: (1) contains the elements of the offense charged; (2) provides the defendant adequate notice of the charges against which he must defend; and (3) protects against double jeopardy by enabling the defendant to plead an acquittal or conviction to bar future prosecutions for the same offense. *Russell v. United States,* 369 U.S. 749, 763-64 (1962); *see also Wojtycha,* 517 F.2d at 425 ("Insofar as due process claims ... the indictment [must] fairly apprise the defendant of the charges to which he was subjected and of the basic facts upon which they were founded and provide[ ] adequate protection for double jeopardy purposes").

**\*6** Applying the foregoing principle to petitioner's claim demonstrates that the Delaware Supreme Court's denial of the claim is not contrary to, or an unreasonable application of, clearly established Federal law. The Delaware Supreme Court concluded that the amended indictment provided adequate notice to petitioner, stating that the "amendment in no way alters the[ ] essential facts of the incident and thus Coffield can neither claim that he was unaware of the offense charged or that the amendment obscures the underpinnings of the crime charged in a manner that submits him to the risk of a second prosecution." *Coffield,* 794 A.2d at 593-94. This holding does not contradict clearly established federal law because it identifies and resolves the same three elements articulated by the governing Supreme Court precedent. Thus, habeas relief is not warranted under the "contrary to" prong of § 2254(d)(1).

The court also concludes that the Delaware Supreme Court's decision is not an unreasonable application of Supreme Court precedent. Before holding that petitioner's due process rights were not violated by the name change, the Delaware Supreme Court completely reviewed the pertinent facts: (1) the victim named in the original indictment and the victim named in the amendment were both present at the time of the robbery and both were employees of the Cumberland Farms store; (2) petitioner displayed a handgun and threatened to harm both individuals; (3) the amendment did not alter the essential facts of the incident, namely, that petitioner robbed an individual person at the Cumberland Farms store in Wilmington, Delaware on May 3, 1999-the only difference between the terms of the two indictments is which of the two victims petitioner forced to retrieve money; (4) the amendment did not leave petitioner unaware of the offense charged; (5) the amendment did not expose defendant to the risk of a second prosecution; (6) the defense had equal access to both individuals and equal reason to interview them; and (7) petitioner based his defense for all the robberies charged in the indictment on the same alibi. *Coffield,* 794 A.2d at 593-94. The state court then concluded that the indictment provided petitioner with adequate notice of the crime charged and enabled him to prepare his defense. *Id.*

This court has independently reviewed the record and also concludes that amending the indictment did not violate petitioner's due process rights. In addition to the facts listed above, the record reveals that petitioner attended a violation of probation hearing in September 1999, where the arresting detectives testified as to the facts of the Cumberland Farms robbery. As such, even before his trial began and before the State moved to amend the indictment, petitioner was aware of the time and location of the crime, the manner in which the money was stolen, the two witnesses to the crime (Brock and Jackson), and the nature of the witnesses' testimony.

**\*7** Further, petitioner's defense at trial for all of the robberies was one of mistaken identity: someone else must have committed the robberies because he was somewhere else with his girlfriend when the offenses took place. Petitioner did not indicate to the state courts, nor has he indicated here, that he would not have presented this alibi defense "had he known that the trial judge would grant the Motion to Amend." *Coffield,* 794 A.2d at 594. As such, the court concludes that the Delaware Supreme Court's denial of this claim can reasonably be justified under clearly established federal law. Thus, the court will dismiss this claim for failing to satisfy § 2254(d)(1).

B. Evidentiary claim

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Petitioner also asserts that the trial court erred by admitting evidence concerning Jackson, the victim named in the amended indictment. Specifically, he argues that because the original indictment named Brock as the victim, testimony from both Jackson and Brock regarding Jackson being robbed at gunpoint was impermissible testimony regarding a bad act by the defendant. (D.I. 2 at ¶¶ 7.a(8)-(9)) He argues that the admission of the testimony violated Delaware Rules of Evidence 402 and 403, and that the jury may have been confused when the indictment was amended and subsequently may have convicted him based on testimony that he threatened a different victim. *Id.* at ¶¶ 7.a.(8)-(10). Petitioner also contends that the Superior Court should have instructed the jury that the evidence could not be used for any substantive purpose or to infer his proclivity to commit crimes. *Id.* at ¶ 7. a(9).

The court agrees with the State's assertion that, to the extent petitioner's claim asserts an error of state evidentiary law, he has failed to present a claim cognizable on federal habeas review. *See Pulley v. Harris,* 465 U.S. 37, 41 (1984) ; *Riley,* 277 F.3d 261, 311 n. 8 (3d Cir.2001) ; *Mundy v. Snyder,* 2002 WL 1285547, at \*3 (D.Del. Jun. 10, 2002). Thus, the court will dismiss this claim.

To the extent this claim alleges a federal due process claim, FN4 the State correctly acknowledges that petitioner has failed to exhaust state remedies. The record reveals that petitioner never presented a federal due process claim regarding the admission of Brock's and Jackson's testimony or the Superior Court's failure to instruct the jury regarding the allegedly limited value of the testimony to the state courts. FN5 *See Duncan v. Henry,* 513 U.S. 364, 365-66 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court"). Thus, the federal due process claim is unexhausted.

> FN4. The court liberally construes the evidentiary claim to assert a federal due process issue. Petitioner's claim that the jury was confused by the testimont appears to assert fundamental unfairness. *See Biscaccia v. Attorney General of State of N.J.,* 623 F.2d 307, 312 (3d Cir.1980) (A state court evidentiary error is cognizable in federal habeas proceedings only if the error "deprives a defendant of fundamental fairness in his criminal trial").

> FN5. Prior to trial, petitioner filed a motion to sever the charges in the indictment. One of his arguments was that he would "suffer prejudice from a joinder of these offenses which is in violation of [his] due process rights, and his right to a fair trial." (D.I. 11, Motion for Severance, at ¶ 4) The Superior Court denied the motion. In his direct appeal, petitioner argued that the trial court abused its discretion by denying the severance motion. Although he argued that he was prejudiced by the joinder of offenses, he did not allege to any state court that the admission of Brock's and Jackson's testimony violated his federal due process rights.

Petitioner's failure to exhaust is excused, however, because state procedural rules would prevent him from pursuing further state court review. FN6 *See Coleman,* 501 U.S. at 750; *Lines,* 208 F.3d at 160. Although deemed exhausted, this claim is still procedurally defaulted, and federal habeas review is foreclosed unless petitioner establishes cause for his procedural default and prejudice resulting therefrom, or that a miscarriage of justice will result if the court refuses to hear the claim. *See Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991) ; *Harris,* 489 U.S. at 262; *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

> FN6. Delaware Superior Court Criminal Rule 61(i)(3) would preclude any further state court consideration of the claim because petitioner failed to raise this claim in the proceedings leading to his conviction, and he has not demonstrated cause for the default or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 8
Not Reported in F.Supp.2d, 2004 WL 2851801
**(Cite as: Not Reported in F.Supp.2d)**

prejudice resulting therefrom. *See, e.g., Bright v. Snyder,* 218 F.Supp.2d 573, 580 (D.Del.2002).

**\*8** Here, petitioner has not demonstrated that an external impediment prevented him from presenting this claim in his appeal, thereby failing to demonstrate cause for his procedural default. *See Murray v. Carrier,* 477 U.S. 478, 492 (1986). Because petitioner has not demonstrated cause, the court does not need to address the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

Moreover, petitioner has not alleged that he is actually innocent, nor has he presented any colorable evidence of his actual innocence. Thus, he has not demonstrated that a fundamental miscarriage of justice will result from failure to review this claim. *Murray,* 477 U.S. at 496 (to establish a miscarriage of justice, a petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002) (a petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt); *Bousley v. United States,* 523 U.S. 614, 623 (1998) (actual innocence means factual innocence, not legal insufficiency). As a result, federal habeas review of petitioner's due process claim is unavailable.

C. Prosecutorial misconduct claim

Petitioner's final claim is that the state prosecutor knowingly presented a false charge to the grand jury in violation of his due process rights. (D.I. 2 at ¶ 7.b(22)) The State correctly acknowledges that petitioner never presented this claim to the state court. Thus, he has failed to exhaust state remedies.

Because petitioner did not raise this claim in his direct appeal, Delaware Superior Court Criminal Rule 61(i)(3) would bar him from pursuing further state court review. *See* Del.Super. Ct.Crim. R. 61(i)(3). As such, petitioner's failure to exhaust state remedies for this claim is excused, but still procedurally defaulted.

Petitioner has not alleged any cause or prejudice excusing his procedural default. Petitioner also does not allege his actual innocence, thereby failing to establish a miscarriage of justice. Thus, the court is procedurally barred from reviewing the merits of this claim.

V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons stated above, the court concludes that petitioner is not entitled to federal habeas relief for any of his claims. Reasonable jurists would not find these conclusions unreasonable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

VI. CONCLUSION

**\*9** For the foregoing reasons, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 will be denied.

An appropriate order will be entered.

D.Del.,2004.
Coffield v. Carroll
Not Reported in F.Supp.2d, 2004 WL 2851801

Briefs and Other Related Documents (Back to top)

• 1:03CV00367 (Docket) (Apr. 10, 2003)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 9
Not Reported in F.Supp.2d, 2004 WL 2851801
**(Cite as: Not Reported in F.Supp.2d)**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.