IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD G. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-258-KAJ |
| | ) | |
| RAPHAEL WILLIAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

---

Ronald G. Johnson. *Pro se* Petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondent.

---

December 21, 2005
Wilmington, Delaware



JORDAN, District Judge

## I.   INTRODUCTION

Petitioner Ronald G. Johnson ("Johnson") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (D.I. 2; D.I. 9.) He is incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware. For the reasons that follow, I will dismiss his petition.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Johnson was arrested on April 16, 2005 following a domestic violence incident. On April 22, 2005, the Delaware Court of Common Pleas conducted a preliminary hearing, and Johnson was bound over to the Superior Court. The Superior Court ordered Johnson to be held in default of $ 25,200 cash bail.

In May 2005, Johnson filed in the Superior Court a petition for a writ of habeas corpus. The Superior Court denied the petition, and the Delaware Supreme Court affirmed. *Johnson v. State*, 884 A.2d 512 (Table), 2005 WL 1653754 (Del. July 11, 2005).

On May 31, 2005, a grand jury indicted Johnson on nine charges, including several counts of offensive touching, resisting arrest, and weapons offenses. *See In re Petition of Johnson*, 2005 WL 1355126 (Del. June 26, 2005). Johnson filed a petition in the Delaware Supreme Court for writs of habeas corpus, mandamus, and prohibition, alleging that he was being detained illegally. The court denied relief, and held that: 1) it did not have original jurisdiction to issue a writ of habeas corpus; 2) a writ of mandamus was inappropriate to challenge the legality of the arrest and indictment because the

1

issues are reviewable on appeal; and 3) a writ of prohibition was not warranted because there was no clear and convincing evidence that the Superior Court lacked jurisdiction over Johnson. *Id.* at *1-2. Johnson then filed another petition for a writ of habeas corpus in the Superior Court, which the court denied after holding that Johnson was validly detained in default of bail on his pending charges. Johnson appealed, and the Delaware Supreme Court dismissed the appeal as meritless. *Johnson v. State*, 882 A.2d 761 (Table), 2005 WL 2123789 (Del. Aug. 31, 2005).

Pending before the Court are Johnson's habeas petition filed pursuant to 28 U.S.C. § 2241, an amended petition, and several supplemental petitions.[1] *See* (D.I. 2; D.I. 9; D.I. 32; D.I. 36.)

### III.  THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Although habeas corpus relief is a post-conviction remedy, a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). However, a federal court cannot provide habeas review for pre-trial claims if the

---

[1] Johnson filed two "motions to amend" his habeas petition. As explained *infra* at 4, I am denying the motions as moot. Yet, I note that these motions essentially re-assert the same issues raised in Johnson's original petition and first amended petition. *See* (D.I.16; D.I. 28.)

2

petitioner is trying to abort his state criminal proceeding, because such adjudication would constitute premature litigation of constitutional defenses in federal court. *Moore*, 515 F.2d at 441-42; *Braden*, 410 U.S. at 489-91, 493 (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

## IV. DISCUSSION

Although difficult to decipher, Johnson's first claim appears to allege that no officer pressed charges against him and therefore, the charges listed in his warrant and indictment are illegal. In his second claim, Johnson contends that the Court of Common Pleas improperly bound him over to the Superior Court. He asks the Court to remove his bail and clear the charges contained in the indictment. (D.I. 9.)

Johnson is not challenging his pre-trial custody on speedy trial grounds, but rather, he is attempting to "derail . . . a pending state proceeding."[2] *Moore*, 515 F.2d at 445-46. Section 2241 does not authorize a federal court to sit as "a pretrial motion forum for state prisoners." *Id.* Accordingly, I will dismiss Johnson's § 2241 petition.[3]

---

[2]Additionally, Johnson's second claim presents a state law issue that is not cognizable on federal habeas review. *Dorchy v. Jones*, 320 F. Supp. 2d 564, 578-79 (E.D. Mich. 2004)("[T]he bind-over decision [of a state court] constitutes a state-law issue which does not implicate a federal constitutional right."); *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991)(federal habeas corpus relief does not lie for errors of state law).

[3]Dismissing Johnson's habeas petition at this time will not preclude future federal habeas review; rather, it "merely delays [habeas] consideration until 'a time when federal jurisdiction will not seriously disrupt state judicial processes.'" *Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979)(citation omitted).

3

## V.  Pending Motions

Having concluded that I must dismiss Johnson's habeas petition, I deny the following motions as moot:

1. Motion to Transfer to Proper Court. (D.I. 1.)
2. Motion for Status of Case, to Make Amendment to Action, and to Dismiss State Case and Charges. (D.I. 10.)
3. Motion to Make Amendments. (D.I. 16.)
4. Motion for Finding of Facts, Evidentiary Hearing, and for Oral Argument. (D.I. 20.)
5. Motion to Amend Petition. (D.I. 28.)
6. Motion for Certified Copies. (D.I. 30.)
7. Motion for Discovery. (D.I. 32.)

## VI.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a habeas petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a

certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

I conclude that Johnson's habeas petition must be dismissed. Reasonable jurists would not find this conclusion to be debatable. Consequently, I will not issue a certificate of appealability.

### VII. CONCLUSION

For the reasons stated, Johnson's petition for habeas relief pursuant to 28 U.S.C. § 2241 is dismissed. An appropriate order will follow.