In The United States District Court
For The District Of Delaware

Ronald G. Johnson )
)
v. ) Civil Action No. 05-258 K.A.J.
)
State Of Delaware ) Related Case (Neville v. Cavanagh) The District Court
(611 F.2d 673 (1979)) ruling is in Con-
flict with 7th
Circuit in (Neville)

## Application For Certificate Of Appealability

Comes Now the petitioner and File for Application for Certificate of Appealability. In Support thereof petitioner presents the following.

1.) The petitioner is not seeking this Honorable Judge Kent A. Jordan opinion about how or if he was arrested because Petitioner already knows he was not arrested. If I was indeed arrested you should tell me by who, Who book me? Which police Station was I taken to, Who took my finger prints? You don't know. Therefore You do not know I was arrest April 16, 2005

2.) The Petitioner Came to this Honorable Court for 2 reason to get Discovery Jencks Act and brady Material or to grant me Writ of Habeas Corpus, Writ Of Prohibition And Writ Of Mandamus to Order Interrogatory Information.

page 1-10

The petitioner has filed Motions To Superior Court Seeking Discovery Information the State has failed to provide the petitioner with this Discovery. The Petitioner filed 10 or so Petitions to Supreme Court of Delaware to Get Superior Court to provide this information, or to Order the State of Delaware to Provide this information. To sume up all my claims in one the Petitioner seeks the following information.

### Discovery, Jencks Act And Brady Material Demanded

The defendant and Petitioner has come to this Honorable Court by Writ of Habeas Corpus and Writ of Mandamus and Writ of Prohibition. To get this Honorable Court to Order a answer to these interrogatory question list below, or to grant my Habeas Corpus Writ if the State Can not answer the below questions. The Petitioner came to this Court to Order the State or lower Court to Order the State to provide him the Discovery request.

### "Interrogatory Question / Information Requested"

a.) Who arrest me the petitioner?   b.) Who booked me?
c.) Who took my finger prints?   d.) Who took my picture?
e.) Who brought me to Gander Hill Prison?

## Additional Information Requested

f.) Petitioner made repeat demands and request for a copy of a valid warrent signed by a officer, signed and approved by a magistrate and or judge. I want to know what court this magistrate or Judge worked for

g.) Petitioner made repeat demands and request to the State and Judges of Superior Court to Order Victim Statements and Witness Statements

h.) Petitioner made repeat Motions and Writs to Superior Court, Supreme Court of Delaware and to prosecuter to provide me the information and Demand of them to get the Warden to provide a copy of his <u>Detention Order</u> to hold him April 15, 2005 threw April 21, 2005. If the State or If the Warden did not provide Discovery of the Detention Order or do not have one it to would prove I was not arrest.

" 6th Amendment Constitutional Violation "And 14th"
_____

The Six Amendment in relevant part States "[I]n all Criminal Prosecutions, the accused shall enjoy the rights... to be informed of the nature and cause of the accusation" see, Oliver, 333 u.s. 257 (1948)

(3)

## Re: Antiterrorism And Effective Death Penalty Act of 1996
### Has Tw Perposes

a) The first ground under this act is to see whether the District Court has jurisdiction to grant the Writ of Habeas Corpus is whether the Petitioner has exhausted all remedies
   See Brandon 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed 2d 443

b) "Exhaustion requirement is base on principle of comity, requiring the petitioner to give "State Courts one full opportunity to resolve any Constitutional issues by invoking one Complete round of State's established appellate review process" See Sullivan v. Beerckel 526 U.S. 838, 844 45, 119 S.Ct. 1728, 144 L.Ed 2d 443. Petitioner must demonstrate that the habeas Petition claims was "fairly presented on defect Appeal or in a post Conviction proceeding."
" In which a State Court Can Consider it on the merits"
See: Castille v. People 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed 2d. 380 (1989)

c) Second a Federal Court must determine whether the Petitioner is attempting to enforce a State's Constitutional obligation to bring him to trial, or whether he is trying to abort a State proceeding
   See Braden et 410 U.S. at 489, 93 S.Ct. 1123

④

## "Petitioner Seeks To Enforce The State's Constitutional Obligation"

The petitioner seeks to enforce the State's Constitutional obligation to inform him of who is claimed to have arrested him and the rest of the information request by interrogatory questions. The Superior Court and Supreme Court of Delaware has failed to provide me a forum to get this information. Writ of Mandamus, Writ of Prohibition and Writ of Habeas Corpus. These Writs was filed to get the State to provide the information request or to grant my Habeas Corpus Writ, Or Order my release or Prohibit. Prosecution. In all my Claims I stated I was not arrested by a officer. The Superior Court was with-out Probable Cause to bound him over to a grand jury or Superior Court.

## Error Of Superior Court, Supreme Court And District Court

All Court has failed to Order the State to respond to the claim of my Petition. Nor did any Court provide a Forum or Hearing to argue the issues with the State.

## Actual Innocense

The petitioner is innocent. The State has failed to provide any Discovery. No valid warrent has been Provide Signed

⑤

by a officer, Magistrate and or judge. No officer Filed a warrent, No magistrate or judge approved a warrent. The State has not presented a Victim or Witness Statement. I have not seen a Detention Order of the Warden allowing him to hold me in Custody on April 15, 2005 threw April 21, 2005. If he had or has one it would be dated April 15, 2005. I have nothing no Discovery. Therefore I have a right to Confront my accusers and Custodian in a Court of law to test the Validity, legallity and Constitutionality of his arrest, detention, Custody and Indictment which this Court and no other Court has provided.

"<u>District Court Rule Against 7th Circuit Justice</u>"
<u>Petitioner Relies on 7th Circuit Ruling Neville v.</u>
<u>Cavanagh 611 F.2d 673 (1979)</u>

"If Standing trial in State Court to determine innocence or guilt is an indespensible element of exhaustion of State remedies, almost by definition the Prospect of Pre-trial habeas has been entirely foreclosed. I do not read the Controlling Case requiring such a extreme result.

See Neville v. Cavanagh 611 F.2d 673 (1979) at 677 quoting Branden v. 30th Judicial Circuit Court of Kentucky 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed2d 443 (1972)

(6)

## Jurisdiction of 28 USC 2241 (C)(3)

Federal Court has Jurisdiction under 28 USC 2241 (C)(3) to grant Writ of Habeas Corpus prior to trial to individuals in State Custody See Branden 410 U.S. 484, 93 S.Ct 1123, 35 L.Ed 2d 443.

## 7th Circuit Conclusion of Niville v. Cavanagh 611 F.2d 673

"To require petitioner to endure the rigors of trial now merely in the hope that a verdict of innocence will relieve the Federal Court of their duty to consider whether Illinois has jurisdiction to conduct trial."

"I see no reason from the point of view of the State or the (defendant) Petitioner of requiring any trial until the full mature Federal Claims, which go to the heart of State jurisdiction, are resolved."

See: Neville v. Cavanagh 611 F.2d 673 at 679.

## Whether Petitioner Is Trying To Abort State Proceeding

The Petitioner is not trying to abort a State Prosecution or State proceeding. The Petitioner is trying to enforce the State's Constitutional obligation to provide Discovery. The 6th Amendment of Federal Civil Constitution require the State produce Discovery, Bill of Particular Information.

"The Six Amendment in relevant part state's ('In all Criminal prosecution, the accused shall enjoy the right... to be informed of the nature and Cause of the accusations see, Oliver, 333 U.S. 257 (1948).

(7)

## Error OF District Court Re: Discovery Information

Petitioner is seeking reasonable Discovery as the District Court points out. This Discovery request is of Pre-trial information. There is no such a caselaw that support the Court rule that this Petitioner must wait till after Conviction to seek Discovery Information.

## Clearifying What Petitioner Seek OF State And Courts

Petition seek two things. That the State and Warden Produce a answer to the interragatory questions and the other information requested. If the State Can't then it is Clear that Petitioner is in Custody illegally or Un Constitutionally. That there was not Probable Cause to arrest or detain. And the question of how a indictment was obtain with no victim or witness statement et al, as is already explained. (No Judge knows Facts IF So Let Him Answer Interrogatory Questions)

## Error OF District Court, Delaware Court and Judges

The Superior Court, Supreme Court and District all Errored by giving their opinions regarding my arrest. That issue is a issue the State Should answer by answering the interrogatory questions as who arrest me, What Police Station was I taken too. Who booked me et al. My Constitutional Right under the 6th Amendment require facts. that should be provided by answer to interrogatory question by state or at a Evidentuary Hearing.

(8)

## Conclusion

Petitioner came to Superior Court, Supreme Court and District Court of Delaware moving all Court by Writ of Habeas Corpus, Writ of Mandam and Writ of Prohibition to Order the State to produce discovery information before trial which is required by Law, Rule of Criminal Procedure Jencks Act, Brady Material an Case law "(before trial)" This Motions had two issues presented the First was for the State to produce reasonable or ~~~~ Probable Cause ground to hold Petitioner.

<u>First</u>: Petitioner seeks to enforce the State's Constitutional obligation to inform him of who is claim to have arrested him?, Who booked him?, who took his finger prints and Picture et al, Discovery witness and Victim statements et al., "<u>These Are Pretrial Issues Not issues For Post Conviction</u>"

<u>Second</u>: Petitioner Seek Writ of Habeas Corpus for the State failure to provide it's Constitutional obligation under the 6th Amendment to Provide Discovery and Bill of Particular information. If they Failed Petition is entitle to relief sought."

<u>All Remedies Exhausted</u> - [See Neville v. Cavanagh 611 F.2d 673]

Petitioner have exhaust all remedies in State Court. The State Highest Court has ruled on the merit. Petitioner Can not exspect any different results. Therefore the Case was ripe for full adjudication by District Court on the merits. the issue now Clear petition wants Discovery Information and answer to Interrogatory "Questions" or "Writ of Habeas Corpus Writ of Prohibition". Therefore Petitioner wants Appeal Rights or Reconsideration

## Relief Prayed

Therefore Petitioner seeks Appeal Rights or Reconsideration by this Honorable Court. If this Honorable Court Grants Reconsideration Petitioner seeks this Court to Order the State to answer the Interrogatory questions and to provide the Discovery Information requested. If the State of Delaware fails to provide a.) a arresting officer b.) A victim and witness statement c.) a valid warrent signed by a officer with a magistrate's or Judge's signiture approving it and a sworn offidavit of a officer. Then Petitioner seek either Writ of Habeas Corpus or Writ of Prohibition Prohibiting prosecution till the State provide reasonable growns to proceed with Case. If no warrent was filed by a officer, Then no detention order was sent to the Warden. Then there was not Probable Cause to send my case to a grand jury. If there is no victim or Witness Statement. It would bring question of how the State obtained a Both warrent, I mean Indictment.

## Reasonable Jurists Would Find The District Court's assessment of Constitutional Claims Debatable or Wrong

a.) All reasonable jurist would think the District Court made a Error when he rule in conflict with 7th Circuit in Neville v. Cavanagh 611 F.2d 673.  b.) Resonable Jurist would believe the Petition has a right to the information request by interrogatory question et all, or the Defendant should be released if the State could not provide it.
c.) Reasonable Jurist would believe the State Deprive me the Petitioner of my Constitutional Right to Pre-trial Discovery and My Speedy Trial rights is violated by not providing Discovery in over 9 months et.al.

## Certificate of Service, Oath And Affidavit

Petition Declares all is true under perjury and a Copy was sent to Thomas E Brown Deputy Attorney General 820 N. French street Wilmington De. 19802

Ronald G. Johnson
#186421 / H.R.Y.C.I.
P.O. Box 9561
Wilmington, Delaware
19802



U.S.M.S.
X-RAY



United States District Cou
For The District of Delaware
844 N. King Street
Wilmington, Delaware 198

