In The Supreme Court OF The State OF Delaware

Ronald G. Johnson )
    Petitioner, Appellant )
v. ) Civil Case No. 494, 2005
State OF Delaware ) Dear: Honorable Justices and Clerk
    Respondant, Appellee ) The last page is my one page Amendment of Original filing

## Response To The Respondant's Answer And Motion To Dismiss

Comes Now the Petitioner and respond to the respondant's Motion To Dismiss. Or "Answer and Motion To Dismiss".-

### Motion To Make Correction

The Court and Justices OF this Honorable Court Should allow the Petitioner to make a Correction OF his Filing. Changing it from Writ OF Error to "Motion For Rearguement And Rehearing". I have Change the Capture of the Facesheet and attached., See attachment. And the Court Should Order the respondant to respond.

### Statement OF The Case and Facts

This Honorable Court and Justices Made a Error in their Mandate- Ruling Denieng my Appeal. The in Further Error Saught to restrict me from pointing out the Error; I Petitioner and Saught "Motion For Reconsideration" the Justice Rejected it, Nor filed or responded to my Motion. I Petitioned and "Motioned For I "Motion For Rearguement" And "Motion For Rehearing" Those Motion was not Filed, Nor was a Finding of Fact giving. So I Wrote the Clerk and asked For a Case Number of a "Writ of Error". Which was Granted. Now haven receive this Honorable Court attention I Move this Honorable Court For Due Process of the Court to Order the respondant to respond to my Amended

Page 1-3

"Motion For Rehearing" And "Motion For Rearguement". I Pointed out the errors that was made. If this Honorable is secure and sure their ruling was firm then it should not have a problem explaining the following information.

### Information Requested And Interrogatory Questions

"If I was arrested then"

(a.) Who arrested me, Who was the arresting officer?

(b.) What police station was I taken to?

(c.) Who booked me on these charges?

(d.) Who took my finger prints

(e.) Who took my picture

(f.) Which magistrate or Judge I appeared before upon arrest?

(g.) And which Court the magistrate or Judge worked for?

(h.) Which officer brought me to Gander Hill Prison

(i.) Have this Court seen a Valid warrent or Indictment?

(j.) Have this Court seen the April 22, 2005 Preliminary Hearing transcripts?

### Concluding

Without this information being known it's no way this Court can honestly claim I am legaly detain. I made it clear I was not arrest and the Indictment was obtain by Fraud. there is No way Justices can Affirm a Ruling with-out knowing these facts.

### Conclusion

If the Justices of this Honorable Court do not know or have not found out the information above then in the interest of Justice this Honorable Court should Grant my "Motion For Reargument" and

(2.)

or my "Motion For Rehearing".

## "In The Interest OF Justice" And Fairness"

In The interest of justice and foundamental fairness this Honorable Court should "this time" allow this Amendment Changing my filing from a Writ Of Error to a Motion For Rearguement And/or Motion For Rehearing. My Case has merits and Affirming the lower Court has not reach the merits.

## Certified Question

How can I be legally detain, How can I be legally detained If I was Never arrested. No officer arrested me. No officer pressed Charges. Then the Indictment was illegally obtain and obtain by Fraud. I violation of my "Due Process Rights" - et al., as is explained in my filing.

## Conclusion

The Appellant and Petitioner is entitle to all relief Saught in his Petition, Appeal and Filings.

## "Certificate OF Service"

I Declare under penalty of perjury that a true and full Copy was mail First Class mail to Loren C. Meyer 820 N. French Street Wilmington Delaware 19801 Declared October 2, 2005, Ronald Dehan
                                                                                Signe

## "Oath and Affidavit"

I Declare that the above is true and Correct under Penalty perjury. Declared October 2, 2005, Ronald Dehan

In The Supreme Court Of The State Of Delaware

Ronald G. Johnson  )
                   )
v.   Petitioner    )  Civil Action No. 494, 2005
                   )
State Of Delaware  )
      Respondant   )
                   )

## "Motion For Rehearing And Reargument"

Comes Now the Petitioner Ronald G. Johnson #182421 Held at Howard R. Young Correction Institution, Gander Hill Prison 1301 N. 12th Street Wilmington Delaware 19809. Mailing address P.O. Box 9561 and Motion and Moves this Honorable Court process file and Proceed with my Motion For Rearguement and Rehearing regarding Case No. 296, 2005 Filed in this Honorable Court. In Support thereof I present the following.

### Certified Question

Come Now Ronald G. Johnson the Petition and Move this Honorable Court to address the Certified Question that Case No. 296, 2005 brings. There is no just way to resolve this Case without Causing a miscarraige Of Justice unless you address the Certified Question it brings. To Clearify the Certified Question this Case brings I present the following.

Page 1-5

Westlaw.

Slip Copy                                                                                                Page 1

Slip Copy, 2005 WL 2123789 (Del.Supr.)
**Unpublished Disposition**

(Cite as: 2005 WL 2123789 (Del.Supr.))

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

NOTE: THIS OPINION WILL NOT BE PUBLISHED IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.

Supreme Court of Delaware.
Ronald G. JOHNSON, Petitioner Below-Appellant,
v.
STATE of Delaware, Respondent Below-Appellee.
**No. 296,2005.**

Submitted Aug. 10, 2005.
Decided Aug. 31, 2005.
Reargument and Rehearing Denied Sept. 27, 2005.

Court Below--Superior Court of the State of Delaware in and for New Castle County, C.A. No. 05M-06-067.

Before HOLLAND, JACOBS and RIDGELY, Justices.

ORDER

*1 This 31st day of August 2005, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) The petitioner-appellant, Ronald G. Johnson, filed an appeal from the Superior Court's June 16, 2005 order denying his petition for a writ of habeas corpus. The respondent-appellee, the State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of the appellant's opening brief that the appeal is without merit. [FN1] We agree and affirm.

FN1. Supr. Ct. R. 25(a).

(2) In April 2005, Johnson was arrested and charged with nine separate offenses in connection with a domestic violence incident. After a preliminary hearing in the Court of Common Pleas, Johnson was bound over for trial in the Superior Court. He was ordered held on $25,000 cash bail. In May 2005, Johnson was indicted by the grand jury on all nine charges. The record reflects that he currently is being held by the Department of Correction in default of bail.

(3) On appeal, Johnson states that he has appealed this matter to this Court for a "finding of facts." He also requests that another matter, an appeal from Superior Court C.A. No. 05M-05-003 (Supreme Court No. 254, 2005), be consolidated with the instant appeal because both appeals "seek the same relief."

(4) In Delaware, the writ of habeas corpus provides relief on a very limited basis. [FN2] Habeas corpus only provides "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment." [FN3] "Habeas corpus relief is not available to '[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment.' " [FN4]

FN2. *Hall v. Carr*, 692 A.2d 888, 891 (Del.1997).

FN3. Id.

FN4. Id. (quoting Del.Code Ann. tit. 10, § 6902(1)).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. A

Slip Copy                                                                                                  Page 2

Slip Copy, 2005 WL 2123789 (Del.Supr.)
**Unpublished Disposition**

**(Cite as: 2005 WL 2123789 (Del.Supr.))**

(5) In this case, there is no evidence to suggest that the charges against Johnson are facially invalid or that there are any jurisdictional defects. As such, the Superior Court properly denied Johnson's petition for a writ of habeas corpus. Moreover, Johnson's request for consolidation is moot, since this Court already has dismissed his other appeal. [FN5]

> FN5. *Johnson v. State,* Del.Supr., No. 254, 2005, Holland, J. (July 11, 2005).

(6) It is manifest on the face of Johnson's opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

Slip Copy, 2005 WL 2123789 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

788 A.2d 529 (Table)                                                                                                     Page 1

788 A.2d 529 (Table), 2002 WL 86813 (Del.Supr.)
**Unpublished Disposition**

**(Cite as: 788 A.2d 529, 2002 WL 86813 (Del.Supr.))**

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
In the Matter of the Petition of William J. Webb, Jr., for a Writ of Error.
No. 583,2001.

Submitted Dec. 6, 2001.
Decided Jan. 15, 2002.

Before VEASEY, Chief Justice HOLLAND and STEELE, Justices.

ORDER

**\*1** This 15th day of January 2002, upon consideration of the petition of William J. Webb, Jr., for a writ of error, and the State of Delaware's answer and motion to dismiss, it appears to the Court that:

(1) In March 2000, Webb pled guilty to Assault in the First Degree, Burglary in the First Degree and Endangering the Welfare of a Child. [FN1] Webb also admitted to violating the terms of a previously imposed period of probation. Webb was sentenced in both cases in June 2000.

  FN1. *State v. Webb,* Cr.A. No. IN99-08-0767 (Del.Super.Ct.).

(2) Webb applied for postconviction relief in August 2000. The Superior Court denied that motion in October 2000. Webb filed a second postconviction motion in October 2000. The Superior Court denied that motion in November 2000. On appeal, this Court affirmed the judgment of the Superior Court. [FN2]

  FN2. *See Webb v. State,* 2001 WL 1586877 (Del.Supr.).

(3) By order dated July 11, 2001, the Superior Court denied Webb's "Motion for Relief of Judgment or in the Alternative Motion for New Hearing." Webb's appeal from that order is currently pending as *Webb v. State,* No. 373, 2001. In his petition for a writ of error, Webb challenges the Superior Court's jurisdiction to issue the July 11, 2001 order.

(4) "Writs of error" have been abolished. The Supreme Court now hears "appeals" from the Superior Court in criminal cases. [FN3] Webb has already filed an appeal from the Superior Court's July 11, 2001 order. [FN4] Webb's petition for a writ of error must be dismissed as repetitive. [FN5]

  FN3. Del. Const. art. IV, § 11(1)(b) and (2).

  FN4. Indeed, Webb's opening brief and appendix are due to be filed in that appeal, on or before January 25, 2002.

  FN5. *In re Rodriguez,* 2001 WL 1334788 (Del.Supr.).

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. Webb's petition for a writ of error is DISMISSED.

788 A.2d 529 (Table), 2002 WL 86813 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex. B

Westlaw.

784 A.2d 1081 (Table)                                                                                              Page 1

784 A.2d 1081 (Table), 2001 WL 1334788 (Del.Supr.)
**Unpublished Disposition**

(Cite as: 784 A.2d 1081, 2001 WL 1334788 (Del.Supr.))

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
In the Matter of the PETITION OF Victor RODRIGUEZ for a Writ of Error.
No. 468,2001.
Def. ID Nos. 0005017581, 0006009296.

Submitted Oct. 3, 2001.
Decided Oct. 25, 2001.

Before VEASEY, Chief Justice, WALSH and STEELE, Justices.

ORDER

**1 This 25 th day of October 2001, upon consideration of the petition of Victor Rodriguez for a writ of error, and the State of Delaware's answer and motion to dismiss, it appears to the Court that:

(1) In December 2000, a Superior Court jury convicted Rodriguez of three offenses: Arson in the Second Degree, Arson in the Third Degree, and Attempted Arson in the Second Degree. [FN1] In June 2001, Rodriguez pled guilty to two counts of Terroristic Threatening. [FN2] In both cases, Rodriguez was represented by Lloyd A. Schmid, Jr., Esquire ("Counsel"). Rodriguez was sentenced in both cases on August 28, 2001. [FN3]

FN1. *State v. Rodriguez,* Del.Super., Cr.A. Nos. IK00-10-0041-- 0043.

FN2. *State v. Rodriguez,* Del.Super., Cr.A. Nos. IK00-06-0823, 0827.

FN3. A corrected sentencing order issued on August 29, 2001.

(2) On September 19, 2001, Rodriguez filed a *pro se* notice of appeal from all five convictions. Rodriguez' *pro se* appeal was docketed as *Rodriguez v. State,* No. 456, 2001. On September 28, 2001, Counsel filed a notice of appeal on behalf of Rodriguez. Counsel limited the appeal, however, to the three arson-related convictions for which Rodriguez was adjudged guilty. Counsel's notice of appeal was also docketed in *Rodriguez v. State,* No. 456, 2001.

(3) On September 26, 2001, Rodriguez filed a petition for a writ of error. In his petition, Rodriguez raises what appear to be appeal issues related to his five convictions.

(4) It is clear that "writs of error" have been abolished. The Supreme Court now hears "appeals" from the Superior Court in criminal cases. [FN4] Thus, to the extent Rodriguez intends his "writ of error" to serve as a notice of appeal from his five Superior Court convictions, Rodriguez' writ must be dismissed as repetitive, as Rodriguez already has an appeal docketed in his criminal cases. To the extent Rodriguez has petitioned this Court to issue a "writ of error coram nobis," Rodriguez' petition must be dismissed for lack of jurisdiction. The writ of error coram nobis is not one of the extraordinary writs within the original jurisdiction of this Court. [FN5]

FN4. Del. Const. art. IV, § 11(1)(b) and (2)

FN5. Del. Const. art. IV, § 11(6).

(5) Notwithstanding Counsel's attempt to limit Rodriguez' appeal to the three arson-related convictions, it is clear that Rodriguez intends to, and is entitled to, appeal all five of his Superior Court convictions, including the two Terroristic Threatening charges to which he pled guilty. [FN6] The Court will enter a separate Order in *Rodriguez*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. C

784 A.2d 1081 (Table)

784 A.2d 1081 (Table), 2001 WL 1334788 (Del.Supr.)
**Unpublished Disposition**

**(Cite as: 784 A.2d 1081, 2001 WL 1334788 (Del.Supr.))**

Page 2

*v. State,* No. 456, 2001, directing Counsel to file an amended notice of appeal on behalf of Rodriguez as to all five convictions. [FN7]

> FN6. Del. Const. art. IV, § 11(1)(b).
>
> FN7. *See* Supr. Ct. R. 26(a) (providing for the continuing obligation of and representation by counsel).

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. Rodriguez' petition for a writ of error is DISMISSED.

784 A.2d 1081 (Table), 2001 WL 1334788 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the Supreme Court of Delaware, hereby certifies that on October 26, 2005, he caused two copies of the attached document to be placed in the U.S. Mail, first class postage prepaid, addressed to the following:

Ronald G. Johnson
No. 182421
Young Correctional Inst.
1301 E. 12th Street
P.O. Box 9561
Wilmington, DE  19809

Loren C. Meyers
Chief of Appeals Div.
Del. Dept. of Justice