IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 05-258-KAJ |
| ) | |
| RAPHAEL WILLIAMS, Warden, ) | |
| ) | |
| Respondent. ) | |

# ORDER

At Wilmington this 17th day of January, 2006;

IT IS ORDERED that:

1. *Pro se* petitioner Ronald G. Johnson's Motions for a Certificate of Appealability are DENIED for the same reasons discussed in my Memorandum Opinion dated December 21, 2005 dismissing his § 2241 petition. (D.I. 41; D.I. 42)

Even construing these motions as motions for reconsideration filed pursuant to Federal Rules of Civil Procedure 59(e) and/or 60(b) does not aid Johnson in his quest for relief. "Rule 60(b) provides six bases for reconsideration, including 'mistake, inadvertence, surprise, or excusable neglect.'" *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). In contrast, a motion to alter or amend a judgment filed pursuant to Rule 59(e) is used to allege legal error. *Id.* Johnson contends that he is only asking me to order the State courts and officials to respond to his discovery requests, and that if they cannot comply, it proves he is in custody illegally or unconstitutionally. However,

Johnson is still attempting to derail a pending state criminal proceeding. Therefore, I conclude that he has failed to provide any reasons warranting reconsideration my dismissal of his § 2241 petition.

Additionally, to the extent these motions attempt to add new claims to Johnson's dismissed § 2241 petition, he must comply with the Rules Governing Section 2254 Cases in the United States District Courts and the Federal Rules of Civil Procedure.

2. Johnson's Motion for a Writ of Error is DENIED. (D.I. 44) I view this motion to be a motion for the writ of error *coram nobis*. "[C]*oram nobis* has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *U.S. v. Baptiste*, 223 F.3d 188, 190 (3d Cir. 2000); *See United States v. Morgan*, 346 U.S. 502, 505-07 n. 4 (1954)("This motion [for the writ of error *coram nobis*] is of the same general character as one under 28 U.S.C. § 2255."). "[C]*oram nobis* is not available in a federal court as a means of attack on a state criminal judgment." *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). Here, Johnson is still in pre-trial custody, awaiting to be tried on Delaware state criminal charges in the Delaware Superior Court. Therefore, there is no basis for *coram nobis* relief.

_____
UNITED STATES DISTRICT JUDGE

2